UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYLE SMART,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF TOMS RIVER, LOUIS TARANTO, and JOHN DOES 1-5,<br><br>Defendants. | Civil Action No. 23-10723 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Kyle Smart's Motion to Remand pursuant to 28 U.S.C. § 1447 filed on October 17, 2023. (ECF No. 6.) Defendants Township of Toms River and Louis Taranto have not filed a response to the Motion in the five months since it was filed. Also pending is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 2.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**. Because the case will return to state court, Defendants' Motion to Dismiss is **DENIED** as moot.

**I.    BACKGROUND**

Plaintiff's Complaint alleges that in August 2021, Plaintiff was unlawfully searched by Township of Toms River ("Toms River") police officer Louis Taranto ("Taranto") during a vehicle stop in which Taranto discovered drugs through a canine sniff search, arrested Plaintiff, and charged him with various crimes. (Compl. ¶¶ 7–19, ECF No. 1-1.) Plaintiff was held in the Ocean

County Jail for eighteen months[1] while his criminal prosecution was ongoing. (*Id.* ¶¶ 1, 20, 25.) During the criminal prosecution, the trial court granted Plaintiff's motion to suppress the evidence found in the vehicle, and on appeal, the Appellate Division and then the New Jersey Supreme Court affirmed the trial court's suppression decision. (*Id.* ¶¶ 21–24.)[2] The criminal charges against Plaintiff were ultimately dropped, and he was released from the Ocean County Jail in March 2023. (*Id.* ¶¶ 26–27.)

Plaintiff initiated this civil rights action by filing his Complaint against Toms River and Taranto—as well as several John Doe law enforcement officials—in New Jersey Superior Court, Law Division, Ocean County on August 3, 2023. (*Id.* ¶¶ 3–5.) The Complaint contains two counts based on alleged violations of "Plaintiff's rights, liberties and immunities as guaranteed to him under the provisions of the New Jersey Constitution, New Jersey state laws and the New Jersey Civil Rights Act ('NJCRA')." (*Id.* ¶ 1.) Count One alleges false arrest, imprisonment, and malicious prosecution in violation of Plaintiff's rights under the New Jersey Constitution and the NJCRA. (*Id.* ¶¶ 30–33.) Count Two alleges that Toms River had an unconstitutional custom, policy, and practice "to detain vehicle occupants while awaiting canine units in order to conduct warrantless searches of vehicles" and "make deliberate and orchestrated investigative stops of vehicles in order to conduct a warrantless search of the vehicle." (*Id.* ¶¶ 35–36.)

On August 25, 2023, Defendants removed the matter from New Jersey Superior Court. (Notice of Removal, ECF No. 1.) Defendants' Notice of Removal characterizes Count Two of the Complaint as alleging a custom, policy, and practice claim pursuant to 42 U.S.C. § 1983 ("Section 1983") as recognized in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

---

[1] At one point the Complaint alleges Plaintiff was held for eighteen months, and at another alleges it was twenty months. (Compl. ¶¶ 1, 20.) The precise amount of time is irrelevant to the Court's decision.
[2] *See New Jersey v. Smart*, 278 A.3d 824 (N.J. Super. Ct. App. Div. 2022), *aff'd*, 289 A.3d 469 (N.J. 2023).

(i.e. a *Monell* claim). (*Id.* ¶ 3.) On that basis, the Notice of Removal asserts that this Court may exercise federal question jurisdiction over Count Two pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Count One pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 6.)[3] Simultaneous to removing the matter from state court, Defendants filed a Motion to Dismiss, seeking to dismiss the complaint pursuant to Federal Rule of Civil Procedure 8(a) for failure to plead a "short and plain" statement of the case and Rule 12(b)(6) for failure to state a claim. (ECF No. 2.)

On September 18, 2023, Plaintiff filed a brief opposing dismissal and seeking the Court to remand the case to state court. (ECF No. 5.) Plaintiff primarily argues that the matter should be remanded because the Complaint makes "no reference to Section 1983 or to any violation of federal law." (*Id.* at 3–4.) Plaintiff contends that his *Monell* claim arises under the NJCRA and the New Jersey Constitution, not Section 1983 and the United States Constitution, and that therefore the Court lacks subject matter jurisdiction over Plaintiff's claims because no federal question is raised in the Complaint. (*Id.*)[4] Plaintiff's September 18, 2023 filing contains a proposed order seeking remand, (ECF No. 5-1), and Plaintiff filed a separate Notice of Motion seeking remand on October 17, 2023, which incorporated his September brief by reference, (ECF No. 6).

The docket reflects that Defendants received electronic notification of Plaintiff's September and October 2023 filings relating to its motion to remand. (ECF Nos. 5, 6.) In the five intervening months, Defendants have not opposed or otherwise responded to Plaintiff's Motion.

---

[3] The Notice of Removal states that the Court "may exercise supplemental jurisdiction over any other state law claim, including Plaintiffs' First, Second and Seventh Counts." (ECF No. 1 ¶ 6.) The Court notes that the Complaint does not contain seven counts and there is only one Plaintiff.

[4] Plaintiff's filing does not address the merits of Defendants' Rule 8(a) and 12(b)(6) arguments, stating generally that Defendants' Motion to Dismiss is moot because the case should be remanded, the Complaint's allegations are sufficient, and if the Court grants the Motion to Dismiss, Plaintiff intends to file an amended pleading. (ECF No. 5 at 5.)

## II. LEGAL STANDARD

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the case if the removal was defective, or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) ("For removal to be proper, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" (quotation omitted)). Indeed, federal courts are obligated to remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party that removed the case has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (citation omitted).

## III. DISCUSSION

By declining to oppose Plaintiff's Motion to Remand, Defendants have waived any argument that this Court has subject matter jurisdiction over Plaintiff's claims. Remand would be proper on that basis alone, but in any event, the Court agrees with Plaintiff that the Complaint does not allege any claims under federal law and, therefore, the matter must be remanded.

At the outset, the Court notes that Defendants have not opposed Plaintiff's Motion to Remand or sought an extension to do so. A court may interpret a defendant's decision not to respond to a motion as a signal that the defendant does not oppose it. The Third Circuit has

instructed that "[t]here may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney . . . ." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1992) (reversing district court's grant of unopposed motion for summary judgment because non-responsive plaintiff was *pro se* and had alleged claims that could have survived a motion to dismiss); *see also Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming district court's grant of motion to dismiss, which the court treated as unopposed, where *pro se* plaintiff was an attorney).

Here, the Court interprets Defendant's silence to mean that it does not oppose remand. Defendants are represented by sophisticated counsel who are registered to receive ECF notifications in the matter. Plaintiff's Motion to Remand was filed on October 17, 2023. (ECF No. 5.) Under the local rules, Defendants' opposition was therefore due on November 6, 2023. Local Civ. R. 7.1(d)(2).[5] Defendants received electronic notice of Plaintiff's September brief and October Notice of Motion. (ECF Nos. 5, 6.) Therefore, Defendants have waived any opposition to remand here. *See Salibello Consulting Assocs., LLC v. Shenfeld*, No. 10-4162, 2010 WL 5466848, at *4 (D.N.J. Dec. 30, 2010) (finding that defendant's "perfunctory" paragraph addressing plaintiff's remand argument "could conceivably be deemed waived, leaving the motion to remand substantively unopposed"), report and recommendation adopted, 2011 WL 317757 (D.N.J. Jan. 28, 2011).

Notwithstanding Defendants' apparent waiver, the Court will also consider the merits of Plaintiff's remand arguments. Defendants' failure to respond to the pleading may well reflect their recognition that Plaintiff's arguments in favor of remand are strong. Plaintiff's Complaint only

---

[5] The docket reflects that the Motion to Remand was set for October 2, 2023, which was likely incorrect given that the Notice of Motion was not filed until October 17. Instead, the Motion to Remand should have been set for November 20, which would have required Defendants' opposition to be filed by November 6. In any event, this error does not explain Defendants' four-month silence.

5

cites the New Jersey Constitution and the NJCRA in support of its civil rights deprivations. (*See* Compl. ¶¶ 1, 30–39.) Defendants' Notice of Removal argues that Count Two of the Complaint, by alleging that Toms River had an unconstitutional policy, "seeks relief pursuant to [Section] 1983," that is, pursuant to federal law. (ECF No. 1 ¶ 5.) In seeking remand, Plaintiff argues that Defendants read a federal claim into the Complaint that, on the face of the pleading, is not there. (ECF No. 5 at 5.)

The NJCRA provides a private right of action for "[a]ny person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State . . . ." N.J. Stat. Ann. § 10:6-2(c). In a 2014 decision recounting the NJCRA's passage in 2004, the New Jersey Supreme Court noted that the NJCRA's legislative history indicated that it was "intended to 'provide the citizens of New Jersey with a *State* remedy for deprivation of or interference with the civil rights of an individual.'" *Tumpson v. Farina*, 95 A.3d 210, 223 (N.J. 2014) (emphasis in original) (quoting S. Judiciary Comm. Statement to S. No. 1558, 211th Leg. 1 (May 6, 2004)). Per the legislative history, while the NJCRA is modeled on the federal civil rights statute, 42 U.S.C. § 1983, the NJCRA was "intended to provide what Section 1983 does not: a remedy for the violation of substantive rights found in our State Constitution and laws." *Id.* (citations omitted). Thus, while Section 1983 offers courts "guidance" in construing parallel provisions of the NJCRA, a suit based on the latter remedies state not federal rights. *Id.*

New Jersey's highest court has recognized that a municipality may be liable under the NJCRA through a *Monell* theory of liability. "Under the [NJCRA] and § 1983, a municipality can be held liable only if it causes harm through the implementation of official municipal policy." *Winberry Realty P'ship v. Borough of Rutherford*, 253 A.3d 636, 650 (N.J. 2021) (quotation marks omitted) (citing *Monell*, 436 U.S. at 691); *see also Est. of Yearby v. Middlesex Cnty.*, No. A-1974-

20, 2022 WL 1714534, at *14 (N.J. Super. Ct. App. Div. May 27, 2022) ("The legal principles governing the liability of a municipality under the [NJCRA] and § 1983 are essentially the same."), *cert. denied*, 284 A.3d 444 (2022). New Jersey courts have considered civil rights claims against municipalities arising solely under state law. *See Anthony v. Cnty. of Morris*, No. A-3641-21, 2023 WL 7014339, at *5 (N.J. Super. Ct. App. Div. Oct. 25, 2023) (considering Section 1983 jurisprudence to analyze a municipality's *Monell* liability under state constitutional claims); *Hernandez v. Hudson Cnty.*, No. A-1683-18T4, 2020 WL 3980391, at *8 (N.J. Super. Ct. App. Div. July 15, 2020) (same).

Here, Defendants incorrectly assume that because Plaintiff seeks to hold the municipal Defendant Toms River liable for an unconstitutional policy, he, by necessity, raises federal claims. The first paragraph of the Complaint states that Plaintiff seeks relief for a deprivation of "Plaintiff's rights, liberties and immunities as guaranteed to him under the provisions of the New Jersey Constitution, New Jersey state laws and the [NJCRA]." (Compl. ¶ 1.) As explained above, the NJCRA offers "a remedy for the violation of substantive rights *found in our State Constitution and laws*." *Tumpson*, 95 A.3d at 223 (emphasis added) (citations omitted). Therefore, absent any reference in the Complaint to the United States Constitution or Section 1983, there is no basis to conclude that the Complaint raises a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The fact that Count Two of the Complaint, which alleges municipal liability, does not specifically mention the state constitution or the NJCRA, (Compl. ¶¶ 34–39), does not change this conclusion. Count Two also does not mention the federal Constitution or any federal law. In the absence of any specific reference to federal law in Count Two, the "constitutional rights" must be read in light of the Complaint's first paragraph, which make clear that the Complaint is grounded

7

in state law. (*Id.* ¶ 1.) Indeed, as Plaintiff correctly notes, the Court applies the "well-pleaded complaint rule" to determine whether a case "arises under" federal law for the purposes of the Court's original jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Therefore, the Court looks solely to the allegations as raised on the face of the Complaint to determine whether Plaintiff brings federal claims. *Id.* at 831 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 293 (1987)). This rule in fact enables Plaintiff to "eschew[] claims based on federal law" in order to "have the cause heard in state court." *Id.* at 831 (citing *Caterpillar*, 482 U.S. at 398–99). Accordingly, as Plaintiff has omitted any reference to federal law in his Complaint and mentions only the New Jersey Constitution and the NJCRA, the Court will not read federal claims where there are none.

The Court finds that the Complaint does not allege any claims arising under federal law, the Court lacks jurisdiction to hear Plaintiff's claims, and the matter must be remanded to the New Jersey Superior Court.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**, and the matter is **REMANDED** to New Jersey Superior Court, Law Division, Ocean County. Defendants' Motion to Dismiss, (ECF No. 2), is **DENIED** as moot. An appropriate Order accompanies this Memorandum Opinion.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: March 26, 2024